IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHAD ELIE,<br><br>    Plaintiff,<br><br>vs.<br><br>JEREMY JOHNSON, SUNFIRST BANK, N.A., SUNFIRST CORP., TOWN & COUNTRY BANK, TRIPLE SEVEN LLC, SCOTT LEAVITT, JASON T. VOWELL, TODD L. VOWELL, LOYD JOHNSTON, and KERRY JOHNSON,<br><br>    Defendants. | **\*SEALED\***<br><br>MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PREJUDGMENT WRIT AND TEMPORARY RESTRAINING ORDER<br><br><br><br>Case No. 2:10-CV-1273 TS |

Before the Court is Plaintiff Chad Elie's Motion for Prejudgment Writ and Temporary Restraining Order.[1] Plaintiff seeks to temporarily restrain Defendants Jeremy Johnson, Sunfirst Bank, N.A., Sunfirst Corp., Town & Country Bank, Triple Seven LLC, Scott Leavitt, Jason T. Vowell, Todd L. Vowell, Loyd Johnston, and Kerry Johnson (collectively, "Defendants") from

---

[1]Docket No. 5.

1

directly or indirectly spending, moving, transferring, secreting, assigning, conveying, destroying, encumbering, liquidating, or in any other manner disposing of or preventing Plaintiff from recovering monies belonging to Plaintiff. Plaintiff further seeks a prejudgment writ of attachment over (1) bank accounts maintained at Sunfirst Bank, N.A., Sunfirst Corp, and Town & Country Bank in which monies allegedly belonging to Plaintiff have been deposited; (2) bank accounts, wherever maintained, in the names of Defendants Jeremy Johnson, Triple Seven LLC, Scott Leavitt, Jason T. Vowell, Todd L. Vowell, Lloyd Johnston, and Kerry Johnson in which monies allegedly belonging to Plaintiff have been deposited; (3) personal property of Defendant Jeremy Johnson that was allegedly purchased or acquired with Plaintiff's funds, including but not limited to automobiles and aircrafts; (4) safes belonging to Defendant Kerry Johnson located at his property, which contains cash and assets allegedly belonging to Plaintiff; (5) Kerry Johnson's stock in the JMD12-4-4-3 Well which was allegedly acquired with funds belonging to Plaintiff; and (6) gold which was allegedly acquired with profits belonging to Plaintiff which are allegedly being held by Defendants Jason T. Vowell and Todd L. Vowell.

Plaintiff seeks his relief ex parte. Under Rule 65 of the Federal Rules of Civil Procedure, a court may enter temporary injunctive relief ex parte:

> *only if* (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[2]

---

[2] Fed.R.Civ.P. 65(b)(1) (emphasis added).

In seeking ex parte relief, Plaintiff has failed to demonstrate how loss or damage will result before the adverse party can be heard in opposition and has further failed to provide the Court with a certified description of any efforts made to give notice or a discussion of why such notice should not be required. Therefore, Plaintiff's request for ex parte injunctive relief fails and the Court will deny the motion.

Plaintiff further seeks an ex parte writ of attachment under Utah Rules of Civil Procedure 64A. Under the Utah Rules, "[i]f the plaintiff seeks a prejudgment writ prior to a hearing, the plaintiff shall file an affidavit stating facts showing irreparable injury to the plaintiff before the defendant can be heard or other reason notice should not be given."[3] This Plaintiff has failed to do. Plaintiff has further failed to provide an affidavit containing the information required under Utah Rules of Civil Procedure 64A(d). Therefore, Plaintiff's request for ex parte writ of attachment fails and the Court will deny the motion.

It is therefore,

ORDERED that Plaintiff's Motion for Prejudgment Writ and Temporary Restraining Order (Docket No. 5) is DENIED WITHOUT PREJUDICE.

DATED   December 28, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] Utah.R.Civ.P. 64A(i).