IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHAD ELIE,<br><br>    Plaintiff,<br><br><br><br><br><br>    vs.<br><br><br><br>JEREMY JOHNSON, SUNFIRST BANK, N.A., SUNFIRST CORP., TOWN AND COUNTRY BANK, TRIPLE SEVEN LLC, SCOTT LEAVITT, JASON T. VOWELL, TODD L. VOWELL, LOYD JOHNSTON, and KELLY JOHNSON,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING AS MOOT DEFENDANT TOWN AND COUNTRY BANK'S MOTION TO DISMISS AND DENYING TOWN AND COUNTRY BANK'S REQUEST FOR ATTORNEY'S FEES<br><br><br><br>Case No. 2:10-CV-1273 TS |

This matter is before the Court on Defendant Town and Country Bank's ("Town and Country") Motion To Dismiss and Request for Attorney's Fees.[1]  Town and Country filed its Motion on January 24, 2010.  Plaintiff filed a Voluntary Notice of Dismissal under FED.R.CIV.P.

---

[1]Docket No. 44.

1

41(a)(1)(A)(i) on January 17, 2010.[2]  Plaintiff did not file a response to Town and Country's

Motion To Dismiss and Request for Attorney's Fees.

Due to the voluntary dismissal, Defendant's Motion To Dismiss is denied as moot.

The Court must address whether it has jurisdiction to consider the request for attorney's

fees now that there are no claims against Town and Country.  It is clear that in the Tenth Circuit

"sanctions proceedings can continue despite the termination of the underlying case."[3]  There is no

reason to find the Court lacks jurisdiction merely because the sanction is sought under Utah law

rather than the federal rules.  Thus, the Court will consider the request for attorney's fees on its

merits.

Town and Country argues that it should be awarded attorney fees incurred in filing its

Motion pursuant to UTAH CODE ANN. § 78B-5-825.  In a case brought to this Court on diversity,

the matter of attorney fees is a substantive legal issue and is therefore controlled by state law.[4]

Section 78B-5-825 states that reasonable attorney fees shall be awarded "to a prevailing party if

the court determines that the action or defense to the action was without merit and not brought or

---

[2]Docket No. 46.

[3]*In re Johnson*, 575 F.3d 1079, 1083-84 (10th Cir. 1009) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-98 (1990) (voluntary dismissal of a lawsuit does not deprive the district court of jurisdiction over a motion for sanctions under Federal Rule of Civil Procedure 11); *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1220-21, 1223-24 (10th Cir. 2006) (affirming in part a 28 U.S.C. § 1927 sanctions award that was ordered well after the underlying case was dismissed with prejudice at the plaintiff's request); *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1552-57 (10th Cir. 1996) (analogizing sanctions under Federal Rules of Civil Procedure 16 and 37 to Rule 11 sanctions and concluding that the district court had jurisdiction to enforce the award even after the dismissal of the underlying case)).

[4]*See Cowley v. Porter*, 127 P.3d 1224, 1235 (Utah Ct. App. 2005) (quoting *In re Discipline of Sonnenreich*, 86 P.3d 712, 725 (Utah 2004)).

asserted in good faith."[5]  In order to be awarded attorney fees under UTAH CODE ANN. §

78B-5-825: (1) the moving party must prevail, (2) the claim asserted by the non-moving party

must be without merit, and (3) the claim must not be brought in good faith.[6]  In support of its

motion, the moving party must marshal sufficient evidence for the Court to find each of the three

requirements is met.[7]  In order to show a claim was not brought in good faith, the moving party

must show the nonmoving party: "(1) [lacked] an honest belief in the propriety of the activities in

question; (2) [had] no intent to take unconscionable advantage of others; and (3) [had] no intent

to, or knowledge of the fact that the activities in question hinder, delay, or defraud others."[8]

The Court need not consider whether Town and Country is the prevailing party or

whether Plaintiff's claims lacked merit because there is not sufficient evidence for the Court to

find that Plaintiff acted in bad faith.  Town and Country argues that Plaintiff has the burden of

showing good faith and does not specifically argue how the evidence shows that Plaintiff acted in

bad faith.  The burden of showing bad faith is clearly on Town and Country.[9]  Because Town and

Country has failed to marshal sufficient evidence showing that Plaintiff has acted in bad faith, the

Court must deny the request for attorney's fees.

---

[5]UTAH CODE ANN. § 78B-5-825.

[6]*Hermes Assoc. v. Park's Sportsman*, 813 P.2d 1221, 1225 (Utah Ct. App. 1991).

[7]*Still Standing Stable, LLC v. Allen*, 122 P.3d 556, 559 n.2 (Utah 2005).

[8]*Id.* at 560.

[9]*Id.* ("'To establish a lack of good faith, or "bad faith" under section 78-27-56, a party
must prove that one or more of [the three bad faith] factors is lacking.'" (quoting *In re Discipline
of Sonnenreich*, 86 P.3d at 726)).

3

It is therefore

ORDERED that Defendant Town and Country's Motion to Dismiss and Request for Attorney's Fees (Docket No. 44) is DENIED.  The Motion to Dismiss is DENIED AS MOOT and the Request for Attorney's Fees is DENIED.

DATED   February 15, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge

4